UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

PROGRESS FREIGHT LINES INC.,

    Plaintiff,

v.

NEW WAVE INTERNATIONAL CARGO, LLC,

    Defendants.

CIVIL ACTION FILE NO.

JURY TRIAL DEMANDED

## COMPLAINT

**COMES NOW** the Plaintiff, Progress Freight Lines Inc. (hereinafter referred to as "Progress" or "Progress Freight"), by and through its undersigned counsel, Thomas B. York and The Blanch Law Firm, and hereby files this complaint against New Wave International Cargo, LLC (hereinafter referred to as "NWIC"), and avers the following:

### I. JURISDICTION

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff and the Defendant are located in different states, and because the amount in controversy is well in excess of $75,000.00.

2. This court has jurisdiction over the parties in this action because the Plaintiff, Progress Freight, was incorpoarated in North Carolina and has a principal business address of 6349 New Market Way, Raleigh, North Carolina 27615, and because the Defendant, NWIC, was created in Illinois and has a principal business address of 101 Regency Drive, Glendale Heights, Illinois 60139. NWIC has no member of its LLC who resides in North Carolina.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Venue is proper in the Eastern District of North Carolina because: (a) the Plaintiff has a principal place of business within the Eastern District of North Carolina; (b) the defamation of the Plaintiff by the Defendant was nationwide and beyond, including within the Eastern District of North Carolina, and (c) the damages from the defamation impacts the Plaintiff's nationwide and international business, including the damages to the business operations of the Plaintiff that are focused in the Eastern District of North Carolina.

## II. PARTIES

4.  The Plaintiff, Progress Freight. is a domestic corporation that was incorporated in the State of North Carolina. Progress is a carrier of freight. Progress has been in the shipping business for eighteen (18) years and had an excellent reputation in the industry until it was defamed by the Defendant.

5.  The Defendant, NWIC, is a domestic LLC that was created in Illinois. NWIC is a freight broker that arranges with shippers the transport of cargo from shippers to designated destinations. Brokers are essentially the "middle men" who get a load from a shipper and find a freight company to move that load.

## III. FACTUAL ALLEGATIONS

6.  In February of 2024, the Plaintiff and Defendant entered into a contract for the Plaintiff to transport a load from the Louisiana Sugar Refinery in Gramercy, Louisiana, to U.S. Foods in Las Vegas, Nevada.

7.  The tracking for this shipping appointment showed it was scheduled for February 16, 2024. Also, a call to the shipper confirmed that the pick-up was for February 16, 2024. The Defendant was emailed by the Plaintiff confirming that that the pick-up was February 16, 2024.

8.  When Progress arrived to pick up the load, its driver waited about three hours, and then the shipper refused to load the trailer because the floors of the trailer were damp.

9.     The shipper stated that, if Progress used their recommended repair service, it would then load the truck.

10.    On February 6, 2024, the Plaintiff had the trailer promptly repaired to eliminate any leak, using the repair service that was recommended by the shipper. Even after the trailer was repaired, the shipper unreasonably refused to load the trailer, thereby delaying the transport of the load.

11.    On February 16, 2024, Defendant's Sales Manager, Charles Stefanski, (hereinafter referred to as the "Sales Manager"), threatened the Plaintiff that he would:

> …be submitting a freight Guard on this as well you wasted two dam (sic) days with your BS. Absolutely horrible service and I will clearly make sure other brokers will be well aware of what they will get if working with you.

12.    The Sales Manager further wrote, on February 16, 2024:

> Freight Guard submitted….
>
> I have absolutely zero to say to you and hope other individuals read that feight (sic) guard and realize what there (sic) getting into by working with you! Or I should say what they won't get and honestly, reliability and there (sic) load picked up.

13.    Freightguard, as the Defendant was aware, was and is widely disseminated, reviewed, and relied upon by the trucking industry throughout the country and even internationally, including by most shippers and brokers, to make decisions as to the hiring of any freight service.

14.    The Freightguard Report was filed by the Defendant at Carrier411.com. That Report was false, misleading, and defamatory.

15.    The Defendant submitted a Freightguard Report that falsely claimed:

> NO SHOW AND NO CALL
> IN-TRANSIT AGREEMENT MODIFICATION
> PERSISTENT CANCELLING
> REPEATED PICKUP OR DELIVERY SERVICE FAILURES
> FRAUDULENT ACTIVITY
> UNETHICAL OR DECEPTIVE BUSINESS PRACTICES

These statements are clearly false and are a gross exaggeration, especially where the false allegations against the Plaintiff involve just a single incident.

16. The Defendant's Sales Director improperly placed the Plaintiff on Freightguard. He dishonestly accused the Plaintiff as being "fraudulent," of conducting "deceptive business," of "repeated" failures, and of "persistent cancelling."

17. On February 19, 2024, the owner of the Plaintiff wrote to the Sales Manager:

> Charles,
> Good Day. This is the owner of Progress Freight Lines inc. I think you acted on emotions and put my company on freightguard. We did everything possible to get loaded with your load. Shipper kept us there for 3 hours then they come out and say you have a wet spot in the trailer. They recommended local company to repair the leak and they said they will load us. We repaired it and they then decided to not load us, no reason whatsoever. I been in business for 17 years and to call us "fraudulent" is a bit too much. We are losing loads because of this and I ask you to remove the freightguard report. I have included repair receipt.

18. Also, on February 19, 2024, the owner of Progress wrote to the owner of NWIC to state:

> Good Day Maciej.
> Can you please call me at 919 235 7855. We had an issue with one of your loads and your sales director overreacted and put my company on freightguard. He acted on emotions and called my company fraudulent, deceptive business etc. Now we are losing loads because of 1 single issue. We have been in business for 17 years and we are not "fraudulent". Please contact me asap. P.S. This will result to lose alot of money and I will have to contact my lawyer and file defamation case against your company.

19. On February 19, 2024, Progress also wrote:

> We will lose 10s of thousands of dollars because you called us "fraudulent" which we are not! I ask you please remove the freightguard report.

20. On February 20, 2024, Progress wrote the following to the Sales Manager:

> Good Morning Charles, I want to ask what you decided? Will you remove the freightguard? I have wont be losing 10s of thousands of dollars because shipper didn't load the truck after we did what they asked. I have sent email to Maciej, but he didn't respond. So I ask you again to remove the freightguard report or I will have no choice and contact my lawyer and sue your company for defamation. We are not fraudulent and because of your quick actions my 6 trucks are not moving. This is very serious matter. Freightguard is faulty system that punishes trucking companies without looking into details. I repeat I will have to resort to filling a lawsuit against New wave international cargo for defamation.

To which, the Sales Manager responded:

> Freight guards staying up. Owner operator or not it happened on your watch. But now I will be Changing the freight Guard and adding this conversation. Carrier is now threatening to sue me so no one else knows how when he fails 2 days in a row to pick up a load he then threatens to sue you for telling people how unprofessional and fraudulent he is.

21. The Plaintiff attempted to resolve the issues with the derogatory comments that were made by the Defendant by contacting the Defendant, but the Defendant refused to correct or retract its defamatory statements.

22. The Defendant, through its Sales Manager, made it clear that he intended to harm the prospective business of the Plaintiff by the foregoing statements.

23. On March 8, 2024, the Plaintiff sent a "Cease and Desist Letter" to the Defendant asking it to stop making any defamatory statements about the Plaintiff, and asking the Defendant to "take down" the Freightguard Report.

24. To date, the Defendant has failed to stop, remove, revise, or explain the comments it maliciously posted on Freightguard that defamed the Plaintiff. Consequently, the harm to the Plaintiff continues to this day and is resulting in ever-increasing damages.

25. As a direct and proximate result of Defendant's defamatory comments, the majority of brokers now refuse to work with the Plaintiff.

26. The Plaintiff has lost, and continues to lose, many shipping contracts because of the defamatory statements made by the Defendant, that it publicized extensively on Freightguard.

27. The Plaintiff cannot even acquire drivers because of these defamatory comments.

28. Freightguard is being misused by the Defendant to ruin the business of the Plaintiff and to destroy the livelihood of the owner of the Plaintiff.

29. The Plaintiff has already experienced a loss of business due to the defamatory comments of the Defendant that totals well over $75,000.00.

## IV. CLAIMS FOR RELIEF

### COUNT I: DEFAMATION

30. The Plaintiff reasserts and incorporates Paragraphs One (1) through Thirty-Nine (39) of this Complaint as if fully set forth herein.

31. The actions of the Defendant constitute defamation against the Plaintiff, including defamation *per se*.

32. As a direct and proximate result of the defamatory conduct of the Defendant, the Plaintiff has suffered and continues to suffer damages to reputation and to its business that greatly excedd $75,000.00.

34. The Plaintiff is entitled to compensatory damages against the Defendant for the loss of business and for the damage to reputation.

33. The Defendant acted intentionally, willfully, and wantonly, and with actual malice against the Plaintiff, so the Plaintiff is entitled to an award of punitive damages as determined by a jury.

## COUNT II: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

34. Plaintiff reasserts and incorporates Paragraphs One (1) through Thirty-Three (33) of this Complaint as if fully set forth herein.

35. The Plaintiff had an ongoing good business relationship with shippers and brokers in the freight industry.

36. This ongoing business relationship, and expected continuation of that business relationship, was reasonably likely to benefit the Plaintiff financially for many years. The Plaintiff had a reasonable expectation that this business relationship would continue in a similar vein for many more years. A continuation of the business relationship and even future contracts would have resulted, but for the malicious interference by the Defendant.

37. The Defendant knew of this continuing business relationship between the Plaintiff and shippers/brokers.

38. The Defendant intentionally interfered with the business relationship between the Plaintiff and shippers/brokers.

39. The interference in this business relationship by the Defendant was improper, dishonest, malicious, intentional, and without justification.

40. The Defendant intentionally and improperly induced shippers/brokers to cancel contracts, or to not enter into contracts, with the Plaintiff. These shippers/brokers would have continued contracts with the Plaintiff, and would have entered into future contracts with the Plaintiff, but for the malicious interventions by Defendant.

41. The Defendant lied in unfairly disparaging the quality of the work performed by the Plaintiff and in falsely accusing the Plaintiff of improper conduct.

42. The primary purpose of the conduct of Defendant was to cause an end to the business relationship between Plaintiff and other shippers/brokers, and to deny the Plaintiff its prospective economic advantage.

43. The misrepresentations and lies of Defendant were made maliciously, intentionally, and without justification.

44. Defendant interfered improperly with Plaintiff's business relationships because the Defendant was motivated by malicious intent to harm the Plaintiff. The Defendant was substantially certain that its conduct would result in Plaintiff's loss of shipping contracts and the loss of Plaintiff's prospective economic advantage.

45. The Defendant interfered improperly with Plaintiff's business relationships because the Defendant wanted to maliciously and unjustifiably harm the Plaintiff.

46. As a direct and proximate result of the misconduct and interference by Defendant, the Plaintiff suffered damages in the loss of shipping contracts and of its prospective economic advantage. The improper conduct of the Defendant caused other companies and persons to disrupt their business relationship with the Plaintiff.

47. The Plaintiff is entitled to receive compensatory damages, punitive damages, attorneys' fees, and costs against the Defendant.

48. The Court should also issue equitable relief against the Defendant barring it from continuing the defamation of the Plaintiff, and directing the Defendant to take all reasonable actions to remove, retract, and correct any negative comments about the Plaintiff on Freightguard or any other public forum.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Award to Plaintiff full compensatory damages, reasonable attorney's fees, punitive damages, and costs;

d. Enter a judgment against Defendant and order Defendant to pay Plaintiff compensatory and punitive damages in an amount to be determined at trial;

e. Award to Plaintiff compensatory damages well in excess of $75,000.00;

e. Award to Plaintiff punitive damages well in excess of $75,000.00;

f. Award to Plaintiff all reasonable costs and attorney's fees incurred in connection with this action;

g. Issue an order directing the Defendant to take all reasonable action to remove, retract, and correct any negative comments about the Plaintiff on FreightGuard or ny other public forum;

h. Award to Plaintiff such other and further equitable relief as the Court deems appropriate under the circumstances;

i. Award to Plaintiff any other relief this Court deems proper and just.

Respectfully submitted this 14th day of February, 2025.

/s/ Thomas B. York

THOMAS B. YORK
1205 Argus Road
Kill Devil Hills, NC 27948
(717) 495-4555
N.C. Bar No. 18640

*Attorney for Plaintiff*

## JURY DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 14th day of February, 2025.

/s/Thomas B. York
Thomas B. York
North Carolina Bar No. 18640
*Attorney for Plaintiff*

## VERIFICATION

I, Sergev Karasev, the owner and authorized representative of Progress Freight lines Inc., the undersigned, do hereby swear or affirm, under penalty of perjury, that the information contained in the attached Complaint, to the best of my information, knowledge, and belief, is true, accurate, and a complete statement of the facts.

February 14, 2025

*[signature]*

SERGEY KARASEV